IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WALTER JAIRALA, ) | | |
|     Plaintiff, ) | | |
| ) | | |
| v. ) | | 3:07-CV-0562-K |
| ) | | ECF |
| DALLAS COUNTY DIRECTOR, et al., ) | | |
|     Defendants. ) | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights complaint brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: At the time of filing this action, Plaintiff was confined within the Texas Department of Criminal Justice (TDCJ). He was recently released on parole and resides in Dallas, Texas. Defendants are the Dallas County Director, the Dallas Police Department, trial counsel, and the TDCJ Director. The Court has not issued process in this case, pending preliminary screening. On April 2, 2007, the Magistrate Judge issued a questionnaire to Plaintiff, who filed his answers thereto on June 21, 2007.

Statement of Case: On December 13, 2002, Plaintiff was arrested by three Dallas Police Officers. (*See* Answer to Question 2 of the Magistrate Judge's Questionnaire). He was subsequently indicted and convicted in cause no. F02-57462, in the 292nd District Court of

Dallas County, of driving while intoxicated (DWI), for which he received a ten-year sentence on October 23, 2003. (Answer to Question 1). The court of appeals affirmed his conviction and sentence, *see Jairala v. State*, No. 05-04-00034-CR (Tex. App, Dallas, 2005, pet. ref.), and the Texas Court of Criminal Appeals denied his request for state habeas relief, *see Exparte Jairala*, No. WR-66,137-01 (Tex. Crim. App. Nov. 1, 2006).

In the present complaint, Plaintiff alleges he was unlawfully convicted and confined. (Complaint at 3). He explains that the police officers falsely arrested him and conducted an illegal search and seizure on December 13, 2002 (*Id.* and answer to Question 2), and that his trial counsel "conspire[d] with the State and coerced Plaintiff to plea guilty den[ying] him a fair trial." (Complaint at 3, and answers to Questions 10-13). Plaintiff seeks to overturn his illegal conviction and to quash the indictment. (Complaint at 4). He also seeks compensation for the time he was unlawfully incarcerated.

<u>Findings and Conclusions</u>: The Court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989).

Plaintiff seeks to overturn his illegal conviction and to quash the indictment. This claim is cognizable only in the context of a habeas corpus action pursuant to 28 U.S.C. § 2254. *See Hill v. McDonough*, ___ U.S. ___, 126 S. Ct. 2096, 2101 (2006) (challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus, whereas challenges to the circumstances of confinement may be brought under § 1983); *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973) (same); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (same); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same). Accordingly, this claim should be dismissed without prejudice to Plaintiff's right to refile as a habeas corpus action. *See* 28 U.S.C. § 2254(b).[1]

Insofar as Plaintiff seeks monetary damages for his allegedly illegal conviction, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372-73 (1994). The Supreme Court in *Heck* stated:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

---

[1] To maintain a habeas corpus action a plaintiff/petitioner must exhaust his state remedies. *See* 28 U.S.C. § 2254(b).

*Id.* The *Heck* Court unequivocally held that unless an authorized tribunal or executive body has overturned or otherwise invalidated the plaintiff's confinement, his claim "is not cognizable under [section] 1983." *Id.* at 487.[2]

Plaintiff's responses to the magistrate judge's questionnaire confirm that he has not satisfied the favorable termination requirement set out in *Heck* with respect to his DWI conviction. Plaintiff is, therefore, precluded from maintaining a civil cause of action at the present time. *Heck*, 512 U.S. at 488-89; *accord Randell*, 227 F.3d 300, 301 (5th Cir. 2000) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck*, he is barred from any recovery . . . .").

Accordingly, The District Court should dismiss this claim with prejudice as frivolous to its being asserted again until the *Heck* conditions are met. *See Johnson v. McEleveen*, 101 F.3d 423, 424 (5th Cir. 1996) (noting preferred language); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (§ 1983 claim which falls under the rule in *Heck* is legally frivolous); *see also Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (holding that dismissals as frivolous or malicious under 28 U.S.C. § 1915(e)(2) should be deemed to be dismissals with prejudice unless the district court specifically dismisses without prejudice).

Plaintiff's false arrest claim fares no better. The lengthy delay between the allegedly false arrest on December 13, 2002 and the date of filing of the complaint on March 28, 2007,

---

[2] The *Heck* "favorable termination" requirement applies even after an inmate is released from confinement, and can no longer challenge his imprisonment by means of a federal habeas petition. *See Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000) (holding that *Heck*'s "favorable termination" requirement applied to custodial as well as released inmates); *see also Queen v. Purser*, 109 Fed. Appx. 659, *660 (5th Cir. 2004) (unpublished per curiam) (same).

4

prompts consideration of the timeliness of this claim. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) ("Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed," pursuant to § 1915(e)(2)(B)); *see also Gonzales v. Wyatt*, 157 F.3d 1016, 1019-1020 (5th Cir. 1998) (same). In Texas, § 1983 actions are governed by the two-year personal injury limitation period. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006); *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp. 2007).[3]

In *Wallace v. Kato*, ___ U.S. ___, 127 S. Ct. 1091 (2007), the Supreme Court recently concluded that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter . . ." and that it would "refer to the two torts together as false imprisonment." *Id.* at 1095. The Court then held that "[t]he sort of unlawful detention remediable by the tort of false imprisonment is detention *without legal process,*" and that "[l]imitations begin to run against an action for false imprisonment when the alleged false imprisonment ends." *Id.* at 1095-96. "Reflective of the fact that false imprisonment consists of detention without legal process, false imprisonment ends once the victim becomes held *pursuant to such process* – when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* at 1096.

Applying the above holding to this case, it is clear that the statute of limitations began to run on Plaintiff's false imprisonment claim either when he appeared before a State magistrate on

---

[3] Pursuant to *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995), which relied on *Houston v. Lack*, 487 U.S. 266 (1988), a *pro se* prisoner complaint is deemed filed when the prisoner tenders it to prison officials for mailing. Here Plaintiff signed his complaint on February 28, 2007. Nevertheless, the long delays in this case would render irrelevant any benefit of the mailbox rule.

December 13, 2002, the same date of his arrest, or when he was indicted in January 2003. *See* Judicial Information for No. F02-57462, http://www.dallascounty.org/pars2/criminal?radio!= j155&textfield2=Jairala&texfield3=Walter. Under either circumstance, it is clear that the limitations period began to run at the latest in January 2003, and expired two years later in January 2005, more than two years before the filing of this complaint. Therefore, Plaintiff's false arrest claim is untimely and should be dismissed as frivolous.[4]

The same applies to Plaintiff's illegal search and seizure claim, which occurred at the time of his arrest on December 13, 2002 (*see* answer to Question 2), and to the alleged injury to his knee, for which he saw a medical care provider on January 20, 2005, (*see* answer to Question 8-9).[5]

Lastly, Plaintiff seeks to sue his defense attorneys, Christopher K. Woodward and Stephani Hudgins, for ineffective assistance of counsel. (Complaint at 3-4 and Answer to Question 10).

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States, and (2) a deprivation of that right by the defendant acting under color of state law. *West v. Atkins*, 487

---

[4] To the extent Plaintiff seeks to argue that the statute of limitations should be tolled because he was incarcerated during the last two years, his claim is meritless. A federal court must apply state tolling provisions unless Congress has specifically directed otherwise. *Gonzales*, 157 F.3d at 1020 (applying state tolling provisions in a § 1983 action). Under Texas law, imprisonment does not act to toll the statute of limitations. *Id.*

[5] It appears this physical injury is wholly unrelated to the illegal arrest and conviction at issue in this case, and as a result was improperly joined as a claim in this case. Nevertheless, the Court notes that Plaintiff only complains of psychological problems as a result of this injury, which would bar any request for monetary relief. *See* 28 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner....for mental or emotional injury suffered while in custody without a prior showing of physical injury.")

U.S. 42, 48, 108 S.Ct. 2250 (1988).

Plaintiff cannot establish that the alleged inactions and deficient performance of defense counsel occurred under color of state law. It is well established that neither appointed nor retained counsel acts under color of state law in representing a defendant in a criminal case. *See Polk County v. Dodson*, 454 U.S. 312, 324, 102 S. Ct. 445, 453 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (court appointed counsel are not official state actors); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985) (retained counsel does not act under color of state law).

Insofar as Plaintiff alleges that his defense counsel conspired with the prosecutor to force him to plead guilty and forgo a criminal trial, his claim fares no better. (Complaint at 3). Although under proper circumstances the existence of a conspiracy between a prosecutor and retained or appointed counsel may give rise to an actionable claim against the attorney, *see Tower v. Glover*, 467 U.S. 914, 920, 104 S. Ct. 2820, 2824 (1984), *Wyatt v. Cole*, 994 F.2d 1113, 1118 (5th Cir. 1993), Plaintiff's complaint and answers to the questionnaire fail to present a cognizable conspiracy claim. (Complaint at 3-4 and answers to Questions 11-13). A claim for civil conspiracy requires allegations of facts sufficient to show that there was an agreement between the defendants to inflict a wrong or injury upon the plaintiff and an overt act that results in damages. *Crowe v. Lucas*, 595 F.2d 985, 993 (5th Cir. 1979).

In the present case, the complaint and answers to the questionnaire are totally devoid of any allegation of facts which would permit an inference that defense counsel conspired in any way with the prosecutor to deprive Plaintiff of his constitutional rights. The complaint neither alleges facts showing an agreement between counsel and the prosecutor, nor that the they ever

7

met to discuss Plaintiff's criminal cases. *See Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). "'Mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy under 42 U.S.C. § 1983." *Hale*, 786 F.2d at 690 (quoting *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982)). Accordingly, the claims against Plaintiff's counsel lack an arguable basis in law and should be dismissed with prejudice as frivolous.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's claim seeking to overturn his allegedly illegal conviction and to quash the indictment be DISMISSED without prejudice to Plaintiff's right to refile as a habeas corpus action, *see* 28 U.S.C. § 2254(b), and that Plaintiff's claim seeking monetary damages for his allegedly illegal conviction be DISMISSED with prejudice as frivolous to its being asserted again until the *Heck* conditions are met.

It is further recommended that Plaintiff's remaining claims be DISMISSED with

prejudice as frivolous. *See* 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 30th day of July, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.